UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALFRED R. BOGGS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:14-CV-1434-CEJ |
| AMERICAN OPTICAL COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendants Bridgestone Americas Tire Operations, LLC; Ford Motor Company; General Electric Company; Pneumo Abex, LLC; The Sherwin Williams Company; and Western Auto Supply Company to dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).  In addition, defendants FMC Corporation and Honeywell International, Inc. move to dismiss Count IV for failure to state a claim.  Also before the Court is the motion of defendant Western Auto Supply Company to transfer venue or for a more definite statement.  Plaintiff has not responded to the motions, and the time allowed for doing so has expired.

### I. Background

Plaintiff Alfred Boggs served as a fireman in the United States Navy from 1956 to 1959.  From 1960 to 1961, Boggs was a welder in Los Angeles, California.  He was then a truck driver in Lincoln, Nebraska from 1962 to 1964 and in Laughlin, Nevada from 1965 to 1966.  From 1967 to 1983, Boggs was a welder in various cities throughout Oklahoma.  He also performed automotive repairs from 1947 to 1956 in Oklahoma, and he conducted repairs on his home in Oklahoma in 1975.

At some point during his career or while repairing his house, Boggs was exposed to asbestos, which, in 2013, caused him to develop lung cancer. Boggs's exposure occurred when he came into contact with as many as two dozen asbestos-containing products manufactured or sold by one or more of the defendants.

Boggs initially filed suit in a Missouri state court, but the action was removed pursuant to 28 U.S.C. § 1332. He asserts claims based on theories of strict liability, negligence, willful and wanton misconduct, and conspiracy. The complaint provides no details about which defendants caused Boggs's exposure in what years, in what locations, or through which products. Rather, the complaint suggests that every defendant caused Boggs's asbestos exposure by selling every product, in every location, over a twenty-seven year period. The complaint also does not provide any facts to support a claim for conspiracy.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in

support of his claim.  *Id.*  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement.")  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.

### III. Discussion

"A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant."  *Tatone v. SunTrust Mortgage, Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012).  A "shotgun pleading" or "kitchen sink pleading" in which a plaintiff asserts every possible cause of action against a host of defendants for actions over a prolonged period (here, twenty-seven years) but without facts specific enough that those defendants can respond to the allegations does not comport with even the most generous reading of Rule 8(a).  *See Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012); *Larson v. Stow*, 36 F.3d 1100 (8th Cir. 1994); *Mangan v. Weinberger*, 848 F.2d 909 (8th Cir. 1988); *Sebrite Agency, Inc. v. Platt*, 884 F. Supp. 2d 912 (D. Minn. 2012); *see also Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117 (11th Cir. 2014); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 981 (11th Cir. 2008) ("The unacceptable consequences of shotgun pleading are many."); *Rothchild v. Crane Co.*, No. 14-80271-CIV, 2014 WL 3805491 (S.D. Fla. Aug. 1, 2014) (dismissing a shotgun pleading in an asbestos case).  However, "[o]rdinarily dismissal of a plaintiff's complaint for failure to comply with Rule 8

should be with leave to amend." *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438–39 (8th Cir. 1983).

Based on the few facts alleged in the complaint, it is not plausible that all thirty-two defendants caused Boggs to be exposed to asbestos from two dozen kinds of products over a twenty-seven year period and in five different geographical locations. *See Bell Atlantic Corp.*, 550 U.S. at 555, 570. Rule 8(a) requires more specificity than Boggs has provided if his complaint is to be taken as anything more than speculation as to each defendant. *See id.* Boggs's failure to respond to the defendants' motions also counsels in favor of dismissal. Therefore, the Court will grant the defendants' motions to dismiss for failure to state a claim, without prejudice. It is therefore unnecessary to address the motion to transfer venue and for a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss [Doc. ##10, 11, 20, 21, 23, 25, 26, 49] are **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Western Auto Supply Company to dismiss [Doc. #27] is **moot**.

**IT IS FURTHER ORDERED** that the motion of defendant Western Auto Supply Company to transfer venue or for a more definite statement [Doc. #28] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of January, 2015.

4